IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DWAYNE K. GIBSON | ) | |
| | ) | |
| vs. | ) | C.A. No. 06-023ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Comes now the United States of America, by and through its Attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, First Assistant U. S. Attorney, and objects to the Motion To Vacate, Set Aside Or Correct Sentence Pursuant To 28 U.S.C. § 2255 for those reasons stated in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden

Kenneth P. Madden
First Assistant U.S. Attorney
R. I. Bar # 1680

CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February 2006, I served a copy of the within Government's Objection To Defendant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To Title 28, United States Code, Section 2255, by postage prepaid mail to:

Dwayne K. Gibson
Reg. No. 04228-070
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DWAYNE K. GIBSON | ) | |
| | ) | |
| vs. | ) | C.A. No. 06-023ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Introduction

The Petitioner, Dwayne K. Gibson (Gibson), files this motion pursuant to 28 U.S.C. § 2255.

On June 17, 1998 and again on March 11, 1999, Gibson was arrested by state and local police officers for possession with intent to distribute crack cocaine. On May 5, 1999, a federal grand jury returned a two-count indictment charging Gibson with possession with intent to distribute over 50 grams of crack cocaine (Count I) and possession with intent to distribute over 5 grams of crack cocaine. (Count II) (Cr. No. 99-052ML). Gibson pled guilty to Count II on July 30, 1999. Gibson was sentenced on November 5, 1999 to 188 months imprisonment (the minimum under the guidelines range). Count I was dismissed. The sentence reflected the determination that Gibson was a career offender resulting from his two prior convictions for delivery of heroin.

It does not appear that Gibson appealed to the First Circuit Court of Appeals, nor does it appear that he has previously filed a section 2255 motion.

In his petition, filed in or about January 10, 2006, Gibson argues that his sentence was based upon facts found by the Court, but not admitted by him, in violation of United States v. Booker, 125 S. Ct. 738 (2005). He does not set forth these facts in his petition. Gibson correctly recognizes that he exceeds the one-year period of limitations for § 2255 motions by well over five years and that Booker has not been applied retroactively to § 2255 motions. Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005). In reliance upon Hernandez v. United States, 226 F.3d 839 (7th Cir. 2000), he asks this Court to deny his petition **without prejudice** in the hope that the Supreme Court will one day rule Booker to be retroactive and that when that day, if ever, comes, he will not be subject to the more stringent second or successive petition filing rules governing § 2255 motions.

Argument

In Hernandez, the petitioner sought to have the Seventh Circuit order the District Court to consider his successive § 2255 motion based upon the then recent decision of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). Hernandez wanted to argue that the Apprendi decision announced a new rule of constitutional law that should be applied retroactively to his case. The Seventh Circuit denied his petition on grounds that Apprendi was of no use to Hernandez. However, in *dicta,* the Seventh Circuit stated, "Just as we do with applications relying on unexhausted claims, we

would dismiss such an application without prejudice to re-filing at such time as the Court renders a decision in favor of retroactivity." Hernandez, 226 F.3d at 841.

While such may be the practice of the Seventh Circuit, the government is not aware that such a procedure is the practice of the First Circuit. The First Circuit does not dismiss petitions without prejudice or remand them to the District Court with instructions to do so in the hope that the Supreme Court will one day make a newly announced rule of criminal procedure retroactive. See, e.g., Sepulveda v. United States, 330 F.3d 55 (1st Cir. 2003) (affirming District Court's outright dismissal of petitioner's § 2255 Apprendi claim).

Further, the First Circuit has stated that Booker does not provide any clear hint that retroactive intent is intended and has noted that every other circuit to consider the issue has agreed Booker is not retroactive. Cirilo-Munoz, 404 F.3d at 533. The Court stated, "Realistically, it is unlikely that the Supreme Court will adopt a retroactivity analysis that opens up to required examination practically all of the federal sentences imposed since the guidelines went into effect in 1987." Id.

Given the First Circuit's pronouncements, there is no valid reason to grant Gibson's request and dismiss his petition without prejudice. The petition should simply be dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Kenneth P. Madden
First Assistant U.S. Attorney
R. I. Bar # 1680

CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February 2006, I served a copy of the within Government's Memorandum In Support of Its Objection To Defendant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To Title 28, United States Code, Section 2255, by postage prepaid mail to:

Dwayne K. Gibson
Reg. No. 04228-070
FCI Otisville
P.O. Box 1000
Otisville, NY 10963