UNITES STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DWAYNE K. GIBSON | : | |
| | : | |
| | : | |
| vs. | : | CA No. 06-023-ML |
| | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM AND ORDER**

Mary M. Lisi, United States District Judge.

Dwayne K. Gibson has filed a document entitled "Memorandum in Support of Application for Second or Successive § 2255" in the above proceeding. For the reasons that follow, this Court denies the requested relief and dismisses the instant proceeding.

**Background and Travel**

Gibson pled guilty to possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B), and 18 U.S.C. §2. On November 5, 1999 he was sentenced to 188 months imprisonment, followed by five years of supervised release, with participation in a drug treatment program. Gibson did not appeal. His conviction thus became final on November 18, 1999, ten days after the entry of judgment.

On January 10, 2006,[1] Gibson filed a document entitled "Memorandum in Support of Application for Second or Successive § 2255 [Relief]."[2] Gibson requests this Court to construe

---

[1] The document was received and docketed on January 18, 2006. However, Gibson signed it on January 10, 2006, and the Court accepts that date as the date of filing under the prisoner mail-box rule. See Morales-Rivera v. United States, 184 F.3d 109, 110-11 (1st Cir.1999).

[2] Although the title of the document refers to a second or successive § 2255 motion, there is no record of any previous § 2255 motion filed by Gibson in this Court.

this filing as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and then to dismiss it without prejudice. The filing purports to raise a claim under United States v. Booker, 543 U.S. 220 (2005), which Gibson recognizes has not been held to be retroactive to applications for collateral relief. According to Gibson, the purpose of the requested action is to preserve, in light of the one-year limitations period for the filing of § 2255 motions, his ability to file a new second and successive § 2255 motion, should Booker be declared retroactive in the future.

The Government has filed an objection to the motion and the matter is ready for decision.[3]

**Analysis**

In his motion to vacate Gibson claims that his sentence was based upon facts found by the Court and not admitted by him, in violation of Booker. He does not set forth what those facts were in his motion. Gibson correctly recognizes that the instant motion was filed more than five years after the expiration of the one-year limitations period under § 2255, ¶ 6(1). He also concedes that Booker has not been deemed to apply retroactively to §2255 motions. See Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005). Nevertheless, relying upon Hernandez v. United States, 226 F.3d 839 (7th Cir. 2000), Gibson asks this Court to deny his petition without prejudice on the theory that should Booker be declared retroactive in the future, he will not be subject to the more stringent rules governing "second or successive" § 2255

---

[3] The Government also filed a "Government's Response to Defendant's Traverse." There is no record in this action of any Traverse filed by Gibson. Since the Government's filing does not affect the Court's ruling here, the Court does not consider it.

motions. See 28 U.S.C. § 2255, ¶ 8.[4]

This approach is flawed in at least two respects. First, Gibson's reliance on Hernandez is misplaced. In that case, the petitioner sought to have the Seventh Circuit order the district court to consider his successive §2255 motion based upon the then recent decision of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), arguing that the Apprendi decision announced a new rule of constitutional law that should be applied retroactively to his case. The Seventh Circuit first found that until Apprendi was declared retroactive to § 2255 applications, that decision could not benefit the petitioner. Id. at 841. The court then proceeded to deny the claim on the merits, stating that it did not trigger Apprendi in any event. Id. at 841-842. However, in *dicta* the court noted that had it not reached the merits, "we would dismiss [Hernandez's] application without prejudice to re-filing at such time as the Court renders a decision in favor of retroactivity." Id. at 841.

Hernandez does not assist Gibson. While dismissal without prejudice may be the practice in the Seventh Circuit, the First Circuit has not adopted this approach with respect to § 2255 motions seeking to invoke a new rule of criminal procedure. See e.g. Sepulveda v. United States, 330 F.3d 55 (1st Cir. 20003) (affirming this Court's outright dismissal of petitioner's § 2255 Apprendi claim). Moreover, the First Circuit has noted that Booker provides no hint that any retroactive application was either intended or likely. See Cirilo-Munoz, 404 F.3d at 533 ("[R]ealistically, it is unlikely that the Supreme Court will adopt a retroactivity analysis that

[4] Section 2255, ¶ 8 requires that any second or successive motion be certified by a panel of the appropriate court of appeals to contain a claim based on *inter alia* "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

opens up to required examination practically all of the federal sentences imposed since the guidelines went into effect in 1987.").

Second, even if the instant motion to vacate were to be dismissed without prejudice, Gibson would still be out of time in view of the Supreme Court's decision in Dodd v. United States, – U.S. –, 125 S.Ct. 2478 (2005). In Dodd, the Supreme Court held that the one-year limitations period for filing a § 2255 motion provided in § 2255 ¶ 6(3)[5] begins to run on the date on which the right asserted was initially recognized by the Supreme Court, and not from the date that right was made retroactive. Id. at 2482. Here, although Gibson filed the instant motion to vacate within one year of the date Booker was decided, see note 1, supra, that case has not been "made retroactively applicable to cases on collateral review." § 2255 ¶ 6(3). It follows that Gibson may not assert the Booker claim raised by the instant motion to vacate, and his motion is otherwise out of time.[6]

---

[5] Section 2255 ¶ 6(3) provides in pertinent part that the one-year limitation period shall run from the latest of:

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

[6] The Court is aware that since more than one year has passed since the Booker decision and the decision has not been made retroactively applicable to cases on collateral review, Gibson is effectively precluded from raising any claim based on Booker. This is an inescapable consequence of the Supreme Court's ruling in Dodd. See 125 S.Ct. at 2482-2483 (recognizing "the potential for harsh results in some cases . . .").

CONCLUSION

In view of the foregoing considerations, there is no valid reason to grant the action Gibson requests, and his filing, construed as a motion to vacate under § 2255, is hereby dismissed.[7]

So Ordered:

Mary M. Lisi
United States District Judge
May 1 , 2006

[7] The fact that the Court has construed Gibson's filing as a § 2255 motion, as he requests, does not constitute the type of recharacterization discussed in Castro v. United States, 540 U.S. 375, 124 S.Ct. 786 (2003) (where a district court re-characterizes as a § 2255 motion a *pro se* prisoner pleading labeled and intended as something else, the court must first advise the prisoner of this and permit the prisoner to file an amended motion raising any and all § 2255 claims the prisoner may have). First, Gibson's original filing, however inartfully labeled, was intended to be treated as a motion to vacate under § 2255 with the expectation that it would be dismissed, in a (misguided) effort to preserve the right to file a second and successive § 2255 motion should circumstances warrant in the future. See Motion to Vacate at 3. Second, the purpose of the rule enunciated in Castro – to protect a petitioner who timely filed his original pleading from the consequences of the expiration of the one-year limitations period – is moot here, where, as noted above, Gibson's motion is untimely under either § 2255, ¶ 6(1) or (3).